■ GILBERT RAMIREZ, Respondent, v. ELBA RAMIREZ, Appellant.— Order of the Supreme Court, Kings County, entered March 28, 1972, affirmed, without costs. In the event that either of the parties finds difficulty in fulfilling his or her respective obligations on the exchange of the children for visitation and return purposes, it is suggested that the services of some social agency be enlisted to help perfect the transportation of the children. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.

■ SAMUEL L. SCHLANGER, Appellant, v. ALSON INDUSTRIES, INC., et al., Respondents.— In an action upon two negotiable promissory notes, plaintiff appeals from an order of the Supreme Court, Queens County, dated April 7, 1972, which denied his motion for summary judgment in lieu of a complaint (CPLR 3213). Order reversed, on the law, with $10 costs and disbursements, and plaintiff's motion for summary judgment granted. Plaintiff established that the notes had been duly executed and that timely payment thereon had not been made. Defendants, the makers, sought to defeat the motion for summary judgment by asserting that fraudulent misrepresentations had been made with respect to the condition of the machinery and equipment for which the notes were given. One of the individual defendants affirmed that at the time of taking possession of the assets and business of plaintiff on November 12, 1969, and on several occasions during a period of several months thereafter, he personally gave notice to plaintiff that several of the latter's representations made both during the negotiations leading to the execution of the purchase agreement and in the agreement itself were not true. Plaintiff allegedly agreed orally to revise the purchase price as a result of his misrepresentations. Plaintiff, on the other hand, categorically denies that he was ever given oral notice of alleged misrepresentations with respect to the machinery and equipment. Plaintiff, more importantly however, points to the purchase agreement which provides that said agreement "shall not be changed * * * orally" and that "Any notices which either of the parties [plaintiff or defendants] hereto shall desire to serve upon the other *shall be* in writing" (italics supplied). The record is clear that the first written notice by defendants informing plaintiff that certain machinery and equipment did not measure up to plaintiff's representations set forth in the agreement was given on January 13, 1972. On that date defendants served upon plaintiff's attorneys a complaint alleging damages resulting from plaintiff's misrepresentations. In our opinion, in view of the requirement of written notice and the fact that such notice was not given until two years after defendants by their own admission had become apprised of the fact that plaintiff's representations were false, defendants have waived as a matter of law any defense they might otherwise have had based on fraud (see *Bangor Clothing Co.* v. *Superior Sportswear Corp.*, 22 A D 2d 864, affd. 16 N Y 2d 1018). Rabin, P. J., Martuscello, Latham and Shapiro, JJ., concur; Hopkins, J., dissents and votes to affirm.

■ UTLEY'S INC., Respondent, v. PROTOTYPE PACKAGING, INC., Appellant. — Appeal by defendant, as limited by its notice of appeal and its brief, from so much of a judgment of the Supreme Court, Queens County, entered September 30, 1971, as is in favor of plaintiff and against it for $17,899.42 and costs and dismissed its first counterclaim without prejudice. Judgment affirmed insofar as appealed from, with costs. No opinion. Renewed motion by respondent to dismiss appeal denied. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.